UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARLENE STEIN, | Case No. 2:21-CV-988 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE 685, CLUB DEMONSTRATION SERVICES, INC., | |
| Defendant(s). | |

Presently before the court is defendant Costco Wholesale Corporation's (*d/b/a* Costco Wholesale 685) motion for summary judgment. (ECF No. 28). Plaintiff Marlene Stein filed a response (ECF No. 29), to which Costco replied (ECF No. 30). The court grants Costco's motion for summary judgment.

**I.      Background**

This is a slip-and-fall premises liability case. On February 8, 2019, plaintiff fell while shopping at Costco and subsequently filed this case against it, alleging that she slipped in a foreign substance that Costco had failed to clean. (ECF No. 1-1). The following facts are undisputed.

While picking up her prescription at Costco, plaintiff fell inside its warehouse at around 1:50 pm. (ECF no. 28 at 5). Plaintiff had walked toward the freezer section of the warehouse and slipped on her way back from that area. (*Id.*). Plaintiff took the same route there and back but did not notice anything on the floor on her way to the freezer section. (Pl.'s Dep., ECF 28-2 at 10).

Costco employees perform hourly safety inspections of the warehouse to ensure the floors are free of hazards, and Costco also posts employees in every section of its warehouse to watch for potential hazards. (ECF No. 28 at 4–5). On the day of plaintiff's fall, Tawny Hileman, a

**James C. Mahan**
**U.S. District Judge**

1  Costco employee, conducted an inspection from 1:30 pm to 2:13 pm. (*Id* at 6). It is the routine
2  practice of Costco employees to immediately clean any hazards they find during their hourly
3  inspection. (ECF 28-3 at 8, 9). There is no evidence that anyone else had slipped on a foreign
4  substance prior to the plaintiff, despite the store being extremely busy that day. (ECF No. 28 at
5  6).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When, as is the case here, the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.     Discussion**

A prima facie case for negligence requires the plaintiff to show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached said duty, (3) the breach caused the plaintiff's injury, and (4) the plaintiff was damaged.  *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992).  In Nevada, a business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use."  *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).

This duty is triggered when there exists a temporary hazardous condition on the property, such as a foreign substance on the floor.  *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962); *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964).  If the business's agent or employee caused the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant."  *Eldorado Club*, 377 P.2d at 175.

But if a third party caused the temporary hazardous condition, the business is liable only if it had actual or constructive notice of the hazard and failed to remedy it.  *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).  The business is charged with constructive notice of a hazardous

**James C. Mahan**
**U.S. District Judge**

condition if a reasonable inspection would have revealed it.  *Twardowski v. Westward Ho Motels, Inc.*, 86 Nev. 784, 787, 476 P.2d 946, 947–948 (1970).

Plaintiff alleges that an independent contractor (the other defendant named in this suit) operating on Costco's premises spilled the substance that caused her fall.  (ECF No. 29 at 9–10).  As a landowner is generally not liable for an independent contractor's actions, the issue here is whether Costco had constructive notice of a hazardous condition.  *See San Juan v. PSC Indus. Outsourcing*, 240 P.3d 1026, 1028–29 (Nev. 2010) (citing Restatement (Second) of Torts § 409 (1965)).

The plaintiff has the burden of proving constructive knowledge at trial.  *See, e.g.*, *Morton v. Wal–Mart Stores, Inc.*, 2013 WL 557309, at *4–5 (D. Nev. Feb. 12, 2013) (Du, J.), aff'd, 620 Fed. Appx. 583 (9th Cir. 2015).  Accordingly, at the summary judgment stage, the plaintiff must produce some evidence "that the hazard 'had existed for a period sufficient to provide the owner with constructive notice.'" *Id.* at *4.

Costco asserts that it did not have constructive notice of the alleged hazardous condition because the condition was present for a short period of time.  (ECF No. 28 at 12).  Plaintiff seems to argue that, because the substance she slipped on was dry rather than wet, the court can infer that it had been present for a sufficient amount of time to provide Costco with constructive notice.[1]  (ECF No. 29 at 9).

But plaintiff provides no evidence that anyone else had seen this foreign substance and plaintiff's own testimony contradicts her theory.  Plaintiff admitted during her deposition that she did not see anything on the floor, or slip on anything, when she had walked through this exact area only moments prior.

---

[1] This is a charitable reading of plaintiff's motion, which the court quotes here: "Did Costco have constructive notice of the dried foreign substance on the floor?  If the

foreign substance was fresh, the jury could conclude that the substance was recently deposited on

the floor or because the unknown dried foreign substance would lead a juror to conclude that the

store employees missed finding the unknown substance."  (ECF No. 29 at 9).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Plaintiff has not met her burden of production regarding constructive notice and cannot now "manufacture" a controversy by creating a dispute with herself on summary judgment. *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir.2009) (explaining that a party cannot create an issue of fact by contradicting their own prior deposition testimony).

In Nevada, a jury may nonetheless charge a business with constructive notice, even if the plaintiff has not produced sufficient evidence, depending on the business's "mode of operation." *See Sprague*, 849 P.2d at 323; *FGA, Inc.*, 278 P,3d at 497. If, for example, a business's "mode of operation" creates a persistently reappearing hazard, a jury may find that the business had constructive notice because the hazardous condition exists continually.[2] *Sprague*, 849 P.2d at 323.

In such cases, periodic inspections—no matter their frequency—are insufficient to create a reasonably safe premise without additional measures to neutralize the hazard. *Id.* Here, plaintiff does not allege—much less produce evidence—that Costco's mode of operation created a regularly occurring hazardous condition such that it could be charged with constructive notice of same. Plaintiff did not fall in an area where food and other debris were expected to frequently appear on the floor.

Plaintiff also does not dispute that Costco conducted hourly inspections and posted employees in every section of its warehouse to actively watch for and remedy hazardous conditions. Hileman stated that if she had seen a potential hazard during her safety inspection, she would have cleaned it as part of Costco's routine practice. There is therefore no reasonable dispute that Costco either failed to meet its duty as a landowner or had constructive notice of a potential hazard.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Costco's motion for summary judgment (ECF No. 28) is GRANTED.

. . .

---

[2] It's important to note that the Nevada Supreme Court has applied the "mode of operation" approach narrowly, declining to extend it to facts dissimilar to those in *Sprague*, which involved a self-service produce section where food was frequently on the floor. 849 P.2d at 323.

**James C. Mahan**
**U.S. District Judge**

- 5 -

The clerk is instructed to enter judgment as to Costco.

DATED September 6, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**